UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PEYTON DEE CHAUVIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2849** |
| **WARDEN PAT BROOKS, ET AL.** | **SECTION "R"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of in part without further evidentiary hearing.

**I.     Factual and Procedural Background**

Plaintiff Peyton Dee Chauvin ("Chauvin") was a pretrial detainee housed in the Terrebonne Parish Criminal Justice Center ("TPCJC") when the relevant events occurred.[1] Chauvin filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against three TPCJC officials, Captain Rhonda Ledet, Warden Stephan Bergeron, and Sheriff Timothy Soignet ("TPCJC defendants" collectively), and Warden Pat Book of the Catahoula Correctional Center ("CCC"). Chauvin alleges that he was temporarily evacuated to CCC from the early morning of August 26, 2020 until the evening of August 30, 2020. He claims that, while at CCC, he had no running water to drink, shower, flush a toilet, or brush his teeth. He claims that CCC Warden Book knew of the situation and disregarded the problem. He also states that, on his last day at CCC, he was fed lunch around 12:00 p.m. and later transferred back to TPCJC around 7:00 p.m. or 8:00 p.m.

---

[1] ECF No. 1 at 3.

Chauvin claims that when he and other inmates arrived at TPCJC, they were not provided with a meal. Chauvin claims that he spoke to Warden Bergeron and Captain Ledet. Both officers advised him that sandwiches would be provided, but none arrived. He claims that eighteen (18) hours passed between his lunch at CCC and his first meal at TPCJC. He also alleges that Sheriff Soignet was responsible for the failure to provide him a meal.

As relief, Chauvin seeks $100,000 as compensation for cruel and unusual punishment resulting from, and defendants' deliberate indifference to his situation including the denial of sanitation, personal hygiene, and food provisions at CCC and the denial of food at TPCJC.

On April 6, 2021, upon the recommendation of the undersigned, the District Judge granted defendant Book's motion to sever and transferred Chauvin's claims against Warden Book regarding the conditions of Chauvin's confinement at CCC to the United States District Court for the Western District of Louisiana.[2] Remaining before the Court are Chauvin's claims that the TPCJC defendants, Captain Ledet, Warden Bergeron, and Sheriff Soignet, failed to provide him with a meal upon his return to TPCJC.

## II.  Standards of Review

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

---

[2] ECF Nos. 16, 18.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Analysis

Chauvin claims that he personally spoke with Captain Ledet and Warden Bergeron about food provisions when he returned to TPCJC. He claims that they each advised him that sandwiches would be arriving, but no food was served until sometime later. Based on his allegations, he apparently received food around 6:00 a.m. on August 31, 2020, which was 18 hours after his 12:00 p.m. lunch at CCC the day before. Chauvin's claims are frivolous and do not present a claim cognizable under § 1983.

The deprivation of food to an inmate, whether pretrial or convicted, can constitute cruel and unusual punishment only if it stands as the denial of "the minimal civilized measure of life's necessities." *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The denial of food may establish a constitutional violation depending on the amount and duration of the alleged deprivation. *Talib*, 138 F.3d at 211 (expressing doubt that

3

a prisoner who missed 50 meals in five months, or one out of every nine meals, and lost 15 pounds established a constitutional violation). The Fifth Circuit has held that only a "continuous and substantial denial of food" will suffice. *Id*. at 214 n.3.

Chauvin has alleged nothing of this magnitude against the TPCJC defendants. His claim is that he asked for food, was told food would be coming, but no food arrived for several hours. Assuming this is true, the denial of one meal does not rise to the level of a cognizable constitutional injury simply because the plaintiff is a prisoner. *Coleman v. Platt*, 558 F. App'x 493, 494 (5th Cir. Mar. 21, 2014) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (denial of eight meals over a seven month period during which the plaintiff experienced only hunger pangs but no other discomfort or injury did not rise to level of a serious deprivation) and *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999)); *see also Shelby v. Dupree*, 574 F. App'x 397, 399 (5th Cir. Jun. 26, 2014) (inmate missing three meals per week for six weeks was not sufficiently severe in amount or duration to deprive him of minimal civilized measure of life's necessities). Plaintiff alleges no more than frustration that food was delayed beyond the defendants' alleged promise to provide sandwiches. This is not enough to reach a constitutional level, even if Chauvin was told or believed that food would be served sooner than it was. *See Shelby*, 574 F. App'x at 399 (citing *Talib*, 138 F.3d at 214 n.3; *see also Berry*, 192 F.3d at 506-08 (holding that the denial of eight meals over a seven month period during which the plaintiff experienced only hunger pangs but no other discomfort or injury did not rise to level of a serious deprivation).

Therefore, Chauvin's claim that defendants' deprived him of or delayed his access to food for a number of hours should be dismissed as frivolous and/or for failure to state a claim for which relief can be granted under § 1915e(2) and § 1915A.

## IV.  Recommendation

It is therefore **RECOMMENDED** that Chauvin's § 1983 claims against defendants Captain Rhonda Ledet, Major Stephen Bergeron, and Sheriff Timothy Soignet be dismissed as frivolous and/or for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915e(2) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this ___24th___ day of May, 2021.

_____
KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.